## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LESLIE COLLINS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:24-cv-00146** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT HOME DEPOT U.S.A., INC.'S
## NOTICE OF REMOVAL AND BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes **HOME DEPOT U.S.A., INC.** ("The Home Depot"), Defendant herein, and files this Notice of Removal under 28 U.S.C. §§ 1332 and Brief in Support:

## I.
## STATEMENT OF GROUNDS FOR REMOVAL

1.    Plaintiff Leslie Collins ("Collins" or "Plaintiff") filed this lawsuit in the 131st Judicial District Court, Bexar County, Texas, in Cause No. 2024CI00394 styled "*Leslie Collins v. Home Depot U.S.A., Inc.*" A true and correct copy of the Original Petition is attached hereto as **Exhibit "A-2."**

2.    Plaintiff sued The Home Depot alleging negligence arising out of a workplace injury suffered by Collins while employed by The Home Depot.

3.    The Home Depot was served on January 17, 2024, and files this Removal within 30 days after the receipt of the Original Petition, as required by 28 U.S.C. 1446(b)(1). Prior to removal, The Home Depot filed its Answer on February 8, 2024, in the state court action, a true and correct copy of which is attached hereto as **Exhibit "A-4."**

4.      The state court action is one over which this Court has original jurisdiction under the provisions of 28 USC § 1332 and may be removed to this Court pursuant 28 USC § 1332 because there is complete diversity between the parties. 28 USC § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 USC § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

5.      The Home Depot denies Plaintiff's claims.

6.      As required by 28 U.S.C. § 1446(a), true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| Exhibit: | Description of Exhibit: |
|---|---|
| **Exhibit "A"** | **Index of Pleadings;** |
| **Exhibit "A-1"** | **State Court Docket Sheet;** |
| **Exhibit "A-2"** | **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure;** |
| **Exhibit "A-3"** | **Citation and Affidavit of Service for Defendant Home Depot U.S.A., Inc.;** |
| **Exhibit "A-4"** | **Defendant Home Depot U.S.A., Inc.'s Original Answer;** |
| **Exhibit "A-5"** | **Notice of Filing of Notice of Removal (to be filed after this Notice of Removal is filed); and** |
| **Exhibit "B"** | **Notice of Related Case** |

## II.
### DIVERSITY OF CITIZENSHIP

7.      Plaintiff Leslie Collins is an individual who resides in and is a citizen of Bexar County, Texas.  **Ex. A-2**, Petition at ¶ 2.

8.      Defendant The Home Depot is a foreign corporation incorporated in Delaware and has its principal place of business in Fulton County, Georgia. Accordingly, The Home Depot has at all relevant times been a citizen of Delaware and Georgia.

9.      Plaintiff is a citizen of Texas; Defendant is a citizen of Delaware and Georgia. Thus, at both the time of filing the original action in state court and at the time of this removal, complete diversity of citizenship has existed among the parties. Removal is proper. 28 USC §1332(a).

### III.
### AMOUNT IN CONTROVERSY

10.     Defendant would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties, and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

11.     Plaintiff alleges in her Original Petition that she seeks damages in excess of $1,000,000. **Ex. A-2**, Petition at ¶ 1.

12.     Plaintiff is seeking damages for severe pain, physical impairment, discomfort, mental anguish, disfigurement, distress, and pharmaceutical and medical expenses, all in the past and future, as well as lost earnings in the past and loss of future earning capacity. *Id.* at ¶ 16.

### IV.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

13.     Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely, it being filed no more than thirty (30) days after service.

14.     The United States District Court for the Western District of Texas encompasses Bexar County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

15.     There are no other proper defendants to this action.

16.     In accordance with 28 U.S.C. § 1446(a), filed herewith as **Exhibits A-1 through A-4** are copies of all process and pleadings from the state court proceedings.

17.     Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiffs, and a copy of this Notice of Removal will be filed with the Clerk of Court for the 131st Judicial District Court of Bexar County, Texas, to effect the removal of the civil action to this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the State Court Proceeding is attached hereto as **Exhibit A-5.**

18.     The Home Depot specifically reserves the right to amend or supplement this Notice of Removal.

19.     By virtue of this removal, Defendant does not waive its rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the FEDERAL RULES OF CIVIL PROCEDURE.

WHEREFORE, PREMISES CONSIDERED, Defendant HOME DEPOT U.S.A., INC. prays the Court remove the case styled "*Leslie Collins v. Home Depot U.S.A., Inc.*" bearing Cause No. 2024CI00394, pending in the 131st Judicial District Court of Bexar County, Texas, to the United States District Court, Western District of Texas, San Antonio Division, and for such other and further relief to which it is justly entitled at law or in equity.

Respectfully Submitted,

Chad L. Farrar, SBN 00793716
C. Brett Stecklein, SBN 00794688
Katie P. Harrison, SBN 24062767
Caleb T. Vinson, SBN 24125441
MULLIN HOARD & BROWN, L.L.P.
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:     (214) 754-0040
Facsimile:     (214) 754-0043

cfarrar@mhba.com
bstecklein@mhba.com
kharrison@mhba.com
cvinson@mhba.com

/s/ Chad L. Farrar
By: Chad L. Farrar

**Attorneys for Defendant Home Depot U.S.A., Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this the 13th day of February, 2024, a true and correct copy of the foregoing was served by e-filing and certified mail, return receipt requested, addressed to:

**<u>Via Email and e-filing</u>**
Michael S. Tilton
TILTON & TILTON LLP
River Oaks Tower
3730 Kirby Drive, Suite 1020
Houston, Texas 77098

/s/ Chad L. Farrar
Chad L. Farrar