CAUSE NO. __________

| | | |
|---|---|---|
| LESLIE COLLINS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | BEXAR COUNTY, TEXAS |
| v. | § | |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE**

Plaintiff Leslie Collins (hereinafter "Plaintiff"), complains of Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant"), and would respectfully show the Court the following:

**I.**

**Discovery Control Plan**

1. Plaintiff intends that discovery be conducted under Level 2. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, and affirmatively pleads that she seeks monetary relief over $1,000,000.00 at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

**II.**

**Parties and Service**

2. Plaintiff is a resident citizen of Bexar County, Texas.

3. Defendant Home Depot U.S.A., Inc. is a business entity conducting business in and throughout the State of Texas. It may be served by and through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.



Copy from re:SearchTX

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Plaintiff reserves the right to amend the true names of the parties pursuant to the Texas Rules of Civil Procedure

5. To the extent that Defendants are conducting business relevant to the allegations made the basis of this suit under a trade name, assumed name, unincorporated association or entity, private corporation, partnership, or other business name, notice is hereby given that this suit is further brought against such entities as allowable by law and that appearance an Answer be made under such name pursuant to TEX. R. CIV. P. 28.

## III.

## Jurisdiction and Venue

6. The claims asserted arise under the common law of Texas and are within the jurisdictional limits of this Court. This Court has jurisdiction and venue is proper under Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this cause of action occurred in Bexar County, Texas.

## IV.

## Facts

7. This lawsuit is necessary as a result of personal injuries Plaintiffs suffered on or about June 3, 2022. On that day, Plaintiff Leslie Collins was under the employment of Defendant Home Depot U.S.A., Inc., Store #503 at 527 Fair Avenue San Antonio, Texas 78223. Notably, Plaintiff is a handicapped right foot amputee. While working, Plaintiff used the restroom handicap stall where there was a leak stemming from the toilet. As a result of water on the floor, Plaintiff



Copy from re:SearchTX

slipped. While falling she grabbed a hold of the railing affixed to the wall. Consequently, Plaintiff tore her rotator cuff.

8. At all times material, Defendant Home Depot U.S.A., Inc. owned, managed, operated, and/or otherwise controlled the restroom, specifically the toilet in the handicap stall, at issue. As a direct result of Defendant's negligence, Plaintiff suffered severe bodily injuries for which she now brings this action.

9. At all relevant times Defendant had actual and/or constructive knowledge of an unreasonably dangerous condition on its property yet did nothing to remedy or otherwise warn Plaintiff of the dangerous condition. This dangerous condition and Defendant's negligence caused Plaintiffs' injuries and damages.

10. Defendant Home Depot U.S.A., Inc. is a non-subscriber to the Texas Workers' Compensation system. Therefore, certain defenses are unavailable to Defendant, including, but not limited to, assumption of the risk, and contributory negligence.

**V.**

**Negligence of Defendant The Home Depot, Inc.**

11. The conduct of Defendant, and that of Defendant's officers, agents, servants, employees, vice-principals, and/or representatives, constituted negligence as that term is understood in law and such conduct was the proximate cause of the occurrence made the basis of this lawsuit.

12. At the time and on the occasion in question, Defendant owed duties to Plaintiffs including but not limited to the following, and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question:



Copy from re:SearchTX

(a) In failing to provide a safe workplace for its employees;

(b) In failing to maintain Defendant's workplace in a reasonably safe manner;

(c) In failing to warn Plaintiff of the dangerous condition on Defendant's workplace;

(d) In permitting Defendant's workplace to remain in its dangerous state;

(e) In failing to properly train and supervise its employees;

(f) In failing to timely and properly inspect Defendant's workplace;

(g) In violating applicable local, state, and federal laws and/or regulations; and

(h) Other acts so deemed negligent.

13. Plaintiff would show that such negligence proximately caused damages to Plaintiff as more fully described below.

14. At the time of the incident in question, Defendant controlled the exact premises in question where the incident took place. Defendant owed and assumed a duty to provide reasonably safe premises. Defendant knew and/or should have known of the dangerous condition present on its premises. The condition of the premises posed an unreasonable risk of harm. Defendant further breached its duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the unreasonably dangerous condition reasonably safe. Defendant's failure to exercise reasonable care proximately caused the incident in question and resulting damages to Plaintiff.

## VI.

## Respondeat Superior

15. Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the maintenance of Defendant's premises were acting in their capacity as an agent, servant, and/or employee of Defendant and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to



Copy from re:SearchTX

Defendant and Defendant should be held vicariously responsible for the acts and omissions of its agents, servants, and/or employees.

## VII.

## Damages

16. As a result of the incident made the basis of this lawsuit and the negligence of Defendant, Plaintiff was severely injured and has required extensive medical treatment. Plaintiff will show that she has sustained severe pain, physical impairment, discomfort, mental anguish, disfigurement, and distress, and that in all reasonable probability, such physical pain, physical impairment, discomfort, mental anguish, disfigurement, and distress will continue indefinitely into the future. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with her injuries. Plaintiff suffered a loss of earnings in the past, as well as a loss of future earning capacity.

## VIII.

## Request for Disclosure

17. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## IX.

## Jury Demand

18. Plaintiff hereby demands a trial by jury.



Copy from re:SearchTX

## Prayer

Plaintiffs pray that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff shave judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, in excess of $1,000,000.00, plus pre-judgment and post-judgment interests, all costs of Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

Respectfully submitted,

**TILTON & TILTON LLP**

Michael S. Tilton
Texas State Bar No. 24056438
E-Mail: MTilton@tiltonlawfirm.com
River Oaks Tower
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
Telephone: (713) 774-8600
Facsimile: (713) 222-2124

**ATTORNEYS FOR PLAINTIFF**



Copy from re:SearchTX